UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO: CV-

| | | |
|---|---|---|
| WALTER SCOTT | ) | |
|     Plaintiff | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| MIDLAND FUNDING, LLC. | ) | |
|     and | ) | |
| MIDLAND CREDIT MANAGEMENT, INC. | ) | |
|     Defendants | ) | JURY TRIAL DEMANDED |
| | ) | |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA"), Pennsylvania Fair Credit Extension Uniformity Act, 73 Pa.C.S. 2270.1 *et seq* (hereinafter "FCEUA") and Pennsylvania Unfair Trade Consumer Protection Law, 72 Pa.C.S 201-1, *et seq* (hereinafter "UTCPL"), which prohibit debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2. Venue is proper in this District because Defendants transact business within this District.

### PARTIES

3. Plaintiff, Walter Scott ("Plaintiff"), is a natural person residing at 616 Willowbrook Drive, Jeffersonville, PA 19403 and is a "consumer" as that term is defined by 15 U.S.C. section 1692a(3).

4.     Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, in this case, a credit card, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5.     Defendants Midland Funding, LLC. ("Midland") and Midland Credit Management, Inc. ("MCM"), are upon information and belief, corporations located at 8875 Aero Drive, Suite 200, San Diego, California 92123, and, at all time relevant herein, operated as collection agencies, and are "debt collectors" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3.and acted by and through their owners, managers, officer, shareholders, authorized representatives, partners, employees, agents and/or workmen and by, through and, on behalf of each other.

6.     Defendants, at all times relevant hereto, were persons who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

7.     At all times material and relevant hereto, Defendants are individually, jointly and severally liable to Plaintiff.

### III. FACTUAL ALLEGATIONS

8.     In or about July, 2009, Plaintiff and Defendants negotiated and entered into an agreement whereby Plaintiff agreed to pay $9,043.56, in monthly installments of $251.21 over three (3) years, to satisfy his obligation to Defendants.

9.     Plaintiff paid the installments between July and December, 2009, beginning with a

check sent on July 22, 2009.

10. Plaintiff's last installment payment of 2009 was made on December 30, 2009, by his counsel, Mark S. Pearlstein, Esquire, through the latter's VISA card and counsel then continued to make the payments for Plaintiff.

11. In 2010, Plaintiff made the payments to Defendants through Mr. Pearlstein's Visa card.

12. At the time of the December, 2010, payment, Defendants suggested to Mr. Pearlstein that he could have the payments automatically withdrawn from his Visa card and payments were then automatically taken by Defendants on the 14th of each month.

13. In or about September, 2011, Mr. Pearlstein's credit card number was taken by someone and the card cancelled.

14. A new card was subsequently issued and Mr. Pearlstein notified numerous creditors/vendors who were automatically withdrawing payments from Mr. Pearlstein's credit card.

15. Some of Mr. Pearlstein's creditors/vendors were inadvertently not notified. Those creditors who were not notified, except for Defendants, sent notices to Mr. Pearlstein regarding monthly payments that were not paid.

16. Plaintiff then gave Mr. Pearlstein $502.42 for October and November for reimbursement for the credit card payments that he thought were being made by Mr. Pearlstein.

17. In December, when Plaintiff gave Mr. Pearlstein the $251.21 payment, Mr. Pearlstein realized there had been no deduction from his credit card statements since September 14, 2011.

18. In the presence of Plaintiff, Mr. Pearlstein called Defendants and was transferred to a supervisor.

19. Mr. Pearlstein explained what had happened and the supervisor requested that Mr.

Pearlstein authorize three (3) payments immediately.

20. Mr. Pearlstein agreed to make the three (3) payments for October through December 2011 and Midland accepted the payments which were charged to Mr. Pearlstein's replacement Visa Card on December 28, 2011.

21. The supervisor never said that the deal was cancelled, or that Plaintiff was in default, or any other words to that effect.

22. After the three payments were made, automatic withdrawal of payments resumed and Defendant received payments from Mr. Pearlstein's credit card through July 14, 2012.

23. Following the final installment payment of July 14, 2012, Mr. Pearlstein called Midland and confirmed that Defendants had satisfied his obligation.

24. Thereafter, Defendants did not take any further automatic withdrawals from Mr. Pearlstein's Visa card.

25. Mr. Pearlstein requested that a letter confirming satisfaction of the debt be sent to him or Plaintiff and was advised by Defendants that a letter would be sent from Defendants' office to Plaintiff.

26. In or about mid-August, 2012, Plaintiff told Mr. Pearlstein that he had not received the satisfaction letter.

27. In or about mid-August, 2012, Mr. Pearlstein called Defendants and was told that the agreement was void because of the failure to pay in October and November, 2011.

28. Mr. Pearlstein explained that the supervisor never indicated any problem, that Defendants continued to take the payments, that the deal was done and he expected the satisfaction letter.

29. Defendants then proffered a demand to "settle" the matter and was told by Mr. Pearlstein that no further payments were due or would be forthcoming. Mr. Pearlstein then told Defendants not to write or call Plaintiff and that if it were actually believed that money was still owed, file suit.

30. In or around December, 2012, despite the debt being fully paid, Plaintiff began receiving numerous collection calls from Defendants.

31. Plaintiff answered some of the calls and told Defendants that the matter had been settled, that he and his lawyer had already spoken to someone from Defendants' office, that he was represented by counsel and that the caller should talk to counsel.

32. Despite Plaintiff's admonition to call counsel and his representation that the matter had been settled, Defendants continued to make collection calls directly to Plaintiff.

33. Defendants' actions as aforesaid are material, fraudulent and deceptive under the FDCPA and were intended to mislead the least, sophisticated consumer.

## IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et seq.

34. Plaintiff incorporates his allegations of paragraphs 1 through 33 as though set forth at length herein.

35. Defendants' actions as aforestated are materially, false, deceptive and misleading to Plaintiff as follows:

   (a) Defendants violated 15 U.S.C. § 1692c (a)(2) by contacting the Plaintiff after they knew he was represented by an attorney;

(b)     Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

(c)     Defendants violated 15 U.S.C. § 1692e by making false, deceptive, or misleading representation or means in connection with the debt collection;

(d)     Defendants violated 15 U.S.C. § 1692e(2) by providing false or misleading representations in communications about the character, amount, or legal status of the alleged debt;

(e)     Defendants violated 15 U.S.C. § 1692f by using any unfair or unconscionable means to collect or attempt to collect the alleged debt;

(f)     Defendants violated 15 U.S.C. § 1692 (f)(1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law;

36.     As a direct and proximate result of the Defendants' illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and expenses.

37.     As a direct and proximate result of Defendants' illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, and frustration, fear, embarrassment and humiliation.

38.     Plaintiff has been seriously damaged by Defendants' violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys fees.

39.     As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

40. Plaintiff incorporates his allegations of paragraphs 1 through 39 though set forth at length herein.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

42. As a result of each of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Walter Scott, prays that judgment be entered against Defendants, individually, jointly and severally, for the following:

(1) Actual damages;

(2) Statutory damages in the amount of $1,000.00;

(3) Reasonable attorney's fees and costs;

(4) Declaratory judgment that the Defendant's conduct violated the FDCPA;

(5) Such other and further relief that the Court deems just and proper.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S § 2270.1, et. seq.

43. Plaintiff incorporates his allegations of paragraphs 1 through 42 as though set forth at length herein.

44. Defendants violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under FCEUA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Walter Scott, prays that judgment be entered against Defendants, individually, jointly and severally, for the following:

(1) An Order declaring that Defendants violated the FCEU;

(2) Actual damages;

(3) Treble damages;

(4) Reasonable attorney's fees and costs;

(5) Such other and further relief that the Court deems just and proper.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA UNFAIR TRADE CONSUMER PROTECTION LAW
## ("UTCPL"), 73 Pa. C.S § 201-1, et. seq.

45. Plaintiff incorporates his allegations of paragraphs 1 through 44 as though set forth at length herein.

46. Defendants violated UTPCPL, because, pursuant to FCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under FCEUA by a debt collector or credit, as set forth above, constitutes a violation of UTPCPL.

47. Other unfair or deceptive acts or practices defined as such in 73 P.S. §201-2(4) committed by Defendants include, but are not limited to, the following:

Defendants engaged in fraudulent or deceptive conduct which would create the likelihood of confusion or of misunderstanding.

48. Pursuant to UTPCPL, 73 P.S. § 201-3, such acts and practices are unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Walter Scott, prays that judgment be entered against Defendants, individually, jointly and severally, for the following:

(1) An Order declaring that Defendants violated the UTCPL

(2) Actual damages;

(3) Treble damages;

(4) Reasonable attorney's fees and costs;

(5) Such other and further relief that the Court deems just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.

Respectfully submitted,

Mpf8441/s/*Michael P. Forbes*

Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D.#55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com
Attorney for Plaintiff, Walter Scott